BECKNER, *Plaintiff in Error*, v. RULE.

**Homestead, Increase in Value ˙of:** RE-ASSIGNMENT. A debtor may have a homestead, exempt from execution for his debts, but he must take and hold it subject to the fluctuations in value. If it should, in time, increase in value, so as to exceed the statutory limit, it may be assigned again and the excess applied to the payment of his debts; and, if it should depreciate in value, he may add to it, and claim a re-valuation himself.

*Error to Pike Circuit Court.*—HON. ELIJAH ROBINSON, Judge.

REVERSED.

*W. H. Biggs* for plaintiff in error.

(1) A homestead exemption is a privilege—a mere matter of grace or favor extended to the debtor, and is not a "vested right." *Harris v. Glenn*, 56 Ga. 94; *Allen v. Harley*, 3 S. C. (N. S.) 412. (2) The legislature can, by a subsequent act, reduce the quantity and value of the homestead exemption and expose any portion of a homestead that has been set apart to the payment of debts contracted while a former law was in force. *Bull v. Conroe*, 13 Wis. 260; *Parker v. King*, 16 Wis. 237. If, in course of time, the property allotted to a homesteader so increases in value as to exceed the statutory limit, the homestead may be divided a second time, and the overplus sold by creditors, and this course may be pursued as often as there is a material increase in value. *Stubblefield v. Groves*, 50 Ill. 110; *Estate Delamey*, 37 Cal. 180; Smythe on Homesteads, sec. 91. The rule is different in Texas. *Richards v. Nelson*, 38 Tex. 447; *Walker v. Dorst*, 31 Tex. 686; Smythe on Homesteads, sec. 92. But this is by reason of the Texas statutes, passed February 2, 1860.

*Edward T. Smith* and *A. O. Rule* for defendant in error.

The policy of the law is to secure a permanent and fixed home for the head of the family, in the possession of which they should not be disturbed.　Upon the construction contended for by the plaintiff, the. occupant would be constantly liable to the annoyance of new suits, to ascertain, by the opinion and speculations of creditors, and others, whether the homestead had not increased in value.　*Hardy v. Lane,* 6 Lea, 379 ; *Kinley v. Byrom,* 11o Ill. 652.　The case cited by plaintiff in 37 Cal. is not in point.

BLACK, J.—The plaintiff is a judgment creditor of the defendant, and the defendant owns a homestead in the city of Louisiana, consisting of a house and one lot. This is a suit under section 2698, Revised Statutes, to subject the property to sale, because it exceeds the value of fifteen hundred dollars, and a severance of the homestead would greatly depreciate the value of the property. In 1879, the defendant made a voluntary assignment, for the benefit of his creditors, reserving his exemptions and homestead rights.　The property in question was then set off to him, as a homestead, by proper proceedings in the circuit court.　Since then, by natural increase, the property has come to be worth at least twenty-five hundred dollars.　Plaintiff obtained his judgment in 1882, but it does not appear when the debt was created. The defendant contends, and the circuit court held, that, as the property was set off for a homestead, in 1879, no part of it could be thereafter reached by creditors, though its value now greatly exceeds that fixed by law ; and this ruling presents the only question in the case.

The statute exempts the homestead of every housekeeper or head of a family from attachment or execution, except that it shall not exceed a designated

Beckner v. Rule.

quantity of land, or fifteen hundred dollars in value. In case the property is levied upon, the sheriff is required to appoint appraisers to fix the location and boundaries. In case a severance would depreciate the value of the property, various provisions are made, and among them, the court is authorized to order a sale of the whole premises, and to make an apportionment of the proceeds. There is not a provision in the statute which looks to the conclusion that, when a homestead is once set off, it cannot be re-valued. Under the ruling of the circuit court, a homestead, once assigned, might grow to be of three or four times the amount fixed by law, and yet the whole be out of the reach of the creditors. The law does not contemplate such results. The debtor may have a homestead, but he must take and hold it subject to the fluctuations in value. If, in course of time, it should increase in value, so as to be worth more than the statutory limit, it may be assigned again, and the excess applied to the payment of his debts. If the assigned homestead should depreciate in value, he may add to it and claim a re-valuation himself. A debtor, being unable to pay his debts, has a right to a homestead, not to exceed a designated value, and, as said in *Stubblefield v. Graves*, 50 Ill. 103 : " By securing one to him, of that value, his rights are satisfied and the requirements of the law fulfilled."

The judgment is reversed and the cause remanded. All concur.